UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EL AMIN MUHAMMAD,

            Plaintiff,                        Case No. 1:17-cv-68

v.                                            Honorable Paul L. Maloney

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

            Defendants.

_____/

## OPINION

       This action purports to be a removal of a civil action filed by Plaintiff in Muskegon County.[1] In the attached state-court complaint, Plaintiff appears to seeks state habeas corpus relief from his 2016 convictions for armed robbery, MICH. COMP. LAWS § 750.529, and second-offense felony firearm, MICH. COMP. LAWS § 750.227b, on which he is serving prison terms of 25 to 38 years and 5 years, respectively. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504

---

[1] The Court notes that, notwithstanding Plaintiff's claim that he intends (as a plaintiff) to remove a state-court action, the case has been opened as a civil rights action under 42 U.S.C. § 1983.

U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed because it is frivolous.

## Factual Allegations

Plaintiff's allegations are difficult to decipher, in large measure because he casts his claims as a sovereign-citizen case, in which he purports to proceed as "Agent El-Amin Muhammad, In Jure Proprio Petitioner **For**: Plaintiff/Property EL-AMIN MUHMMAD #242898[.]"  (Compl., ECF No. 1, PageID.1 (emphasis in original).)  Based on his allegations, Plaintiff appears to adhere to the "sovereign citizen" theory, claiming to be controlled only by admiralty law and the Uniform Commercial Code.  He contends that the arrest warrant was exercised against a "legal fiction commercial name in all caps ELAMIN MUHAMMAD" (Pl.'s Aff., ECF No. 1-2, Page ID.28) without a security-for-performance bond, as required for maritime and bankruptcy liens.  Absent such proper security documents, he argues, the court lacked jurisdiction over his criminal case.

Plaintiff appears to seek relief from his imprisonment.

## Discussion

I.        Removal

On the face of the pleading, Plaintiff declares his intent to remove a state habeas complaint from the Muskegon County Circuit Court to this Court.  As the plaintiff who filed the action, Plaintiff has no authority to remove his civil case to federal court under 28 U.S.C. § 1441(a).  *See id.* (providing that only a *defendant* or *defendants* may file a notice of removal).  The Court therefore lacks jurisdiction over the case.  As a consequence, to the extent that Plaintiff seeks to remove his state-court civil complaint, the case must be remanded to the Muskegon County Circuit Court.  *See* 28 U.S.C. § 1447(c).

Alternatively, Plaintiff may intend to remove his criminal case to this Court. A state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1). *Id.* (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Johnson*, 421 U.S. at 219. "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Plaintiff does not allege that his arrest or conviction would violate a federal law designed to protect him from racial inequalities. In addition, his petition wholly fails to satisfy the second prong because he fails to allege a "formal expression of state law," § 1443(1), that prohibits his enforcing his federal rights in state court. As the United States Supreme Court has explained:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock*, 384 U.S. at 827-28 (emphasis added). Plaintiff cannot show that the state trial and appellate courts will not be able to vindicate his rights. For these reasons, removal is not proper under § 1443(1).

Nor does Plaintiff's criminal action satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2) ], 'for any act under color of authority derived from any law providing for equal rights . . . [,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"), the Supreme

Court has noted that "[i]t is clear that removal under that language is available only to state officers." *Peacock*, 384 U.S. at 824 n. 22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Plaintiff is neither a federal officer or a person assisting a federal officer in the performance of his duties nor a state officer, neither clause of § 1443(2) applies.

Furthermore, a notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant leave to file the notice at a later time. 28 U.S.C. § 1446(c)(1) (emphasis added). Thus, the statute permits removal of a criminal action only before trial, and removal is not permitted after conviction. Because removal is not authorized under § 1443, this Court is without jurisdiction to entertain Plaintiff's criminal action at this time.

In sum, no legal basis exists for removal of either Plaintiff's civil or criminal action to this Court.

    II.    Frivolousness

Notwithstanding the fact that Plaintiff titled his pleading as a removal petition the Court, reading Plaintiff's action indulgently, *see Haines*, 404 U.S. at 520, considers whether Plaintiff's allegations support an independent civil rights complaint.

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or

rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.

Plaintiff's allegations are legally frivolous. The capitalization of Plaintiff's name did not create a fictitious legal entity, and it certainly did not turn such artificial entity into property governed by the Uniform Commercial Code or admiralty law. The courts repeatedly have rejected such "redemptionist and sovereign citizen" arguments as utterly frivolous. *Bey v. Butzbaugh*, No. 1:13-cv-1173, 2014 WL 5149931, at *4 (W.D. Mich. Oct. 14, 2014) (citing *Muhammad v. Smith*, No. 3:13–cv–760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.") (collecting cases)); *see also, e.g., Payne v. Klida*, No. 15-cv-14127, 2016 WL 491847, at **3-4 (E.D. Mich. Jan. 6, 2016) (citing cases).

Moreover, to the extent that Plaintiff seeks release from prison, his action is not properly considered in this action. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110

F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it is frivolous.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: February 27, 2017             /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge